UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**MARGARET WHISTLE MORRIS**                                                      **PLAINTIFF**

v.                              **CASE NO. 2:09cv00125 BSM**

**DAVID H. ARRINGTON OIL & GAS INC.**                                            **DEFENDANT**

**ORDER**

Plaintiff Margaret Whistle Morris ("Morris") moves for summary judgment [Doc. No. 7] and defendant David H. Arrington Oil & Gas, Inc. ("Arrington") also moves for summary judgment [Doc. No. 19]. Responses and replies have been received on both motions. For the reasons set forth below, Morris's motion is denied and Arrington's motion is granted.

I.  FACTS

Morris, through her nephew, Wade A. Whistle ("Whistle") acting as attorney-in-fact, first filed suit against Arrington in March 2008 alleging breach of contract, unjust enrichment, promissory estoppel, deceptive trade practices and fraud. *See Whistle v. David H. Arrington Oil & Gas, Inc.*, No. 2:08cv00037 BSM (E.D. Ark.). The suit concerned an oil and gas lease and payment on a draft issued pursuant to the lease. Defendant's statement of material facts in support of defendant's motion for summary judgment ("def.'s sof"), ¶ 1. Both parties moved for summary judgment and in June 2009 both motions were granted in part and denied in part. *Whistle v. David H. Arrington Oil & Gas, Inc.*, No. 2:08cv00037 BSM, 2009 WL 1529819 (E.D. Ark. June 1, 2009). The parties, however, settled after the summary judgment order was entered and the case was dismissed by stipulation. Def.'s sof, ¶ 1; plaintiff's statement of undisputed material facts in support of motion for summary

judgment ("pltf.'s sof"), ¶ 3.

Morris now brings this suit for liquidated damages alleging that Arrington breached the settlement agreement because it violated the confidentiality clause which states, in pertinent part, as follows:

> Confidentiality. The parties, their attorneys and agent expressly agree that the fact of this settlement, the amount and terms thereof shall be confidential unless such disclosure is required by law or is necessary for the rendition of services to a party by accountants, attorneys or auditors. Prohibited disclosures include, but are not limited to press releases, postings on web sites or other electronic media (including counsel's web sites and blogs), direct or indirect disclosures, whether verbal or in writing. Further, it is agreed that it would be a breach to describe the settlement generically through any such means, even if names, dates or terms are omitted.

Def.'s sof, Ex. A. Morris's contention that Arrington breached the confidentiality agreement is based on a pleading filed by Arrington on July 13, 2009 in *Kemmer v. David H. Arrington Oil & Gas, Inc.*, No. 2:09cv00073 BSM (E.D. Ark.), in which Arrington stated that "[*Whistle v. Arrington Oil*] settled before the Court's interlocutory rulings became final . . . " *Id*. at ¶ 7.

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issue of material fact exist and the movant is entitled to judgment as a matter of law." *Christoffersen v. Yellow Book U.S.A.*, 536 F.3d 947, 949 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1006 (8th Cir. 2005)).

"A party seeking summary judgment always bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id*.

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. Further, "[t]he nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal citation and quotation marks omitted).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1985). "[A] genuine issue of material fact exists if: (1) there is a dispute of

3

fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine . . ." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In considering a motion for summary judgment, the court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). It does not weigh the evidence or make credibility determinations. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III.  DISCUSSION

A.  <u>Morris's Motion for Summary Judgment</u>

In her motion for summary judgment, Morris argues that: 1) confidentiality is at the heart of the written agreement; 2) Arrington acted in bad faith when it disclosed the settlement; and 3) she is entitled to recover liquidated damages and attorneys's fees. Arrington responds first that confidentiality is not at the heart of the agreement, but rather collateral to the main purpose of the agreement. It further points out that Morris offers no evidence that Arrington acted in bad faith and maintains that the liquidated damages clause is unenforceable.

Arrington is correct that confidentiality is not at the heart of the agreement. The agreement settled Morris's claims against Arrington, and therefore, the confidentiality clause is indeed collateral. Further, even if confidentiality was at the heart of the agreement, that fact alone would not entitle Morris to summary judgment. Arrington also correctly points

out that Morris fails to present any evidence of bad faith on the part of Arrington. Perhaps most importantly, however, the liquidated damages clause is unenforceable. A full discussion of this issue is included below, and for the reasons stated therein, the unenforceability entitles Arrington to summary judgment. Accordingly, Morris's motion for summary judgment is denied.

B.  Arrington's Motion for Summary Judgment

It must be noted before Arrington's motion for summary judgment is addressed, that it appears that this lawsuit is an attempted money grab. It seems that Morris and her counsel are attempting to strike while the fire is hot and things are going against Arrington in the series of cases before the court. Indeed this breach of confidentiality claim verges on frivolity.

*1. Standing*

Arrington's lack of standing argument is denied because an amended and substituted complaint has been filed substituting Morris for Whistle. Arrington argued that Whistle, who initially filed this case, lacked standing because Whistle was not individually a party to the settlement agreement. On February 11, 2010, however, an amended and substituted complaint was filed that substituted Morris for Whistle.

*2. Enforceability of Liquidated Damages Clause*

The liquidated damages clause is unenforceable against Arrington because a liquidated damages clause is enforceable only if it meets the following requirements: 1) the parties contemplated that damages would flow from a failure to perform the contract; 2) such

damages would be indeterminate or difficult to ascertain; and 3) that the sum bears some reasonable proportion to the damages which the parties contemplated might flow from a failure to perform the contract. *Alley v. Rodgers*, 269 Ark. 262, 264 (1980). In determining the intention of the parties, the court must examine "the language of the contract, the subject of the contract and its surroundings, the ease or difficulty of measuring the breach in damages, and the sum stipulated." *Johnson v. Jones*, 33 Ark. App. 149, 152 (Ark. App. 1991). "It is a well-settled rule that the intention of the parties to a contract is to be gathered, not from particular words and phrases, but from the whole context of the agreement." *Poff v. Peedin*, 2010 Ark. App. 365 (Ark. App. 2010).

As argued by Arrington, there is absolutely no question but that the liquidated damages clause is an unenforceable penalty because damages to Morris were not contemplated by the settlement agreement. Due to the multitude of suits pending in this court involving very similar facts to those in *Whistle*, it is clear that Arrington, not Morris, demanded inclusion of the confidentiality clause in the settlement agreement for protection. It is also quite clear that it was in Arrington's interest, not Morris's, to keep the settlement and its terms confidential. Because the parties did not contemplate damage to Morris, there is no way that the liquidated damages sum could be reasonably proportional.

Although Morris objects to consideration of David H. Arrington's affidavit because it would violate the parol evidence rule, *See Brown v. Aquilino*, 271 Ark. 273 (Ark. App. 1980), this is of no consequence to this court's ruling because it is obvious that the confidentiality agreement was not written for Morris's benefit. Arrington is a defendant in

multiple suits involving almost identical claims. This makes it very apparent that Arrington could suffer damages as a result of disclosure. On the other hand, it is extremely difficult to imagine what harm Morris could actually incur as a result of disclosure.

### 3. Exception to Confidentiality Clause

In that summary judgment is granted as set forth above, Arrington's assertion that its disclosure fit into the exception to the confidentiality clause will not be addressed.

## IV. CONCLUSION

For the above stated reasons, Morris's motion for summary judgment [Doc. No. 7] is denied and Arrington's motion for summary judgment [Doc. No. 19] is granted. Accordingly, Morris's claims are dismissed with prejudice.

IT IS SO ORDERED this 8th day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE